**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ARTURO RODRIGUEZ, Esquire, Attorney,<br><br>              Plaintiff - Appellant,<br><br>  v.<br><br>CALIFORNIA RURAL LEGAL ASSISTANCE, INC.; et al.,<br><br>              Defendants - Appellees. | No. 14-56474<br><br>D.C. No. 5:13-cv-00958-JFW-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted June 9, 2016[**]
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges and KORMAN,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Jose Arturo Rodriguez, an attorney who suffers from a disabling heart condition, appeals the Rule 12(b)(6) dismissal of his first amended complaint (FAC) asserting claims against California Rural Legal Assistance (CRLA) and various CRLA employees for violation of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.* (ADA), and California state law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by dismissing Rodriguez's action for failure to state a claim for employment discrimination under the ADA. Although Rodriguez adequately alleged that he is both disabled and qualified to perform the essential functions of the Directing Attorney position at CRLA's Coachella Office, he did not allege facts indicating a causal link between his disability and his termination. *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The FAC contains detailed allegations of the deterioration of Rodriguez's working relationships at CRLA, but none of these allegations indicates that the decision to terminate Rodriguez's employment was "motivated even in part by [his] disability." *Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087, 1094 (9th Cir. 2007); *see also Dark v. Curry County*, 451 F.3d 1078, 1084–85 (9th Cir. 2006). In light of Rodriguez's failure to state a federal claim, the district court acted within

2

its discretion in declining to exercise supplemental jurisdiction over Rodriguez's state law claims. *See* 28 U.S.C. § 1367(c)(3).

2. Because the district court allowed Rodriguez to amend his complaint three times to allege causality, it did not abuse its discretion by denying Rodriguez a fourth opportunity to amend. *See United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (noting that a plaintiff "should have at least one opportunity" to amend a complaint). The district court correctly reasoned that it would be futile to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**AFFIRMED.**